IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FICEP CORPORATION,

        Plaintiff,

v.

PEDDINGHAUS CORPORATION,

        Defendant.

Civil Action No. 19-cv-1994-RGA

MEMORANDUM ORDER

The Magistrate Judge filed a Report and Recommendation (D.I. 30) on Defendant's motion to dismiss (D.I. 15). Before me are Defendant Peddinghaus' Objections (D.I. 31) to the Report's recommendation that I deny the motion. Plaintiff Ficep has filed a Response. (D.I. 32).

### I. BACKGROUND

In its motion to dismiss Ficep's First Amended Complaint, Peddinghaus asserted that Patent No. 7,974,719 (the '719 Patent) was directed to patent-ineligible subject-matter under 35 U.S.C. § 101. (D.I. 30 at 2). The Report and Recommendation recommended denying Peddinghaus' motion. (*Id*. at 1). The Report sets forth the relevant facts and law, and I will not repeat them here. I review the objections *de novo*. 28 U.S.C. § 636(b)(1).

### II. DISCUSSION

**A.** *Alice* **Step One**

After about eight pages of analysis, the Report assumed for the sake of argument that claim 7[1] of the '719 Patent was directed to what it assumed was an abstract idea, specifically, "identifying, extracting, and transferring data from a design file for the purpose of manufacturing an object." (D.I. 30 at 7-8, 12). Peddinghaus treats the Report's assumption as a finding. (D.I. 31 at 1). Thus, Peddinghaus does not

---

[1] Peddinghaus has repeatedly asserted that claim 7 is representative for purposes of the eligibility analysis. (D.I. 30 at 3; D.I. 31 at 2). The Report considered Peddinghaus' motion focusing on claim 7. (D.I. 30 at 3). Ficep did not object to the use of claim 7 as representative in its Response. (D.I. 32).

1

address the Report's lack of a conclusion on "directed to an abstract idea" as an obstacle to be overcome in its Objections. Nor did Ficep file a separate Objection to the Report's lack of a conclusion that the patent is not directed to an abstract idea. Ficep did object to the Report's assumption under *Alice* step one in its Response (which is not the place to be making such an objection). (D.I. 32 at 7-10).

No one has timely objected to the Magistrate Judge not resolving the "directed to an abstract idea" decision. Without a finding that the patent is directed to an abstract idea, I cannot grant the motion to dismiss.

In my opinion, there is a serious question of patent eligibility. Thus, after Peddinghaus answers the complaint, I think the parties ought to meet and confer and consider coming up with a schedule for an early summary judgment motion on the patent eligibility issue.

### III.     CONCLUSION

For the reasons stated above,.

IT IS HEREBY ORDERED this 16th day of March 2021:

1. Defendant's Objections (D.I. 31) to "inventive concept" are **DISMISSED** as moot;

2. Plaintiff's Response (D.I. 32) as to the "directed to an abstract idea" is **DENIED** as untimely;

3. The Report & Recommendation's Recommendation as to disposition is **ADOPTED**; and

4. Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 15) is **DENIED**.

/s/ Richard G. Andrews
United States District Judge